UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES *EX REL.* I. GRIFFIN,
*For herself and as next of kin, next of friend for Cherakei Griffin,*

        Plaintiff,

  v.

WEST ALLIS POLICE DEPARTMENT,
WEST ALLIS MEMORIAL HOSPITAL,
WEST ALLIS POLICE OFFICER HOFF,
WEST ALLIS POLICE OFFICER LEHMAN,
WEST ALLIS POLICE OFFICER JACOBSON,
and WEST ALLIS POLICE OFFICERS JANE & JOHN DOE(S)

        Defendants.

Case No. 21-cv-693-pp

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE (DKT. NOS. 4, 13) AND DENYING MOTION TO STRIKE LATEST PLEADINGS FILED IN BAD FAITH BY PURPORTED ATTORNEY ERIK H. MONSON (DKT. NO. 19)**

---

**I.    Introduction**

On June 4, 2021, I. Griffin, identifying herself as "next of kin, next of friend" for her biological daughter, Chrakei Griffin, filed this lawsuit. Dkt. No. 1. The plaintiff brings four claims under federal statutes: (1) 42 U.S.C. §1983, (2) "Violation of 42 HIPPA and Power Of Attorney Rights of Plaintiffs"," (3) Emergency Medical Treatment and Labor Act and (4) Americans with Disabilities Act. Id. at 13-15. As defendants, the plaintiff named the West Allis Police Department, West Allis Memorial Hospital, three named West Allis police officers and John and Jane Doe West Allis officers. Id. at 1.

1

On June 25, 2021, West Allis Memorial Hospital filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. No. 4. Alternatively, West Allis Memorial Hospital asks the court to order the plaintiff to make a more definite statement under Fed. R. Civ. P. 12(e). Id. That same day, the West Allis Police Department defendants filed a motion to dismiss under Rule 12(b)(6). Dkt. No. 13. In the alternative, they ask that the court order the plaintiff to make a more definite statement. Id.

## II. Facts

The complaint indicates that I. Griffin filed the lawsuit on her own behalf, and as next of kin and next of friend to her biological daughter, Cherakei Griffin. Dkt. No. 1 at 1, 5.

The complaint states that Cherakei Griffin is a young, African American female residing in Milwaukee. Dkt. No. 1 at 5. The complaint alleges that on May 26, 2021, Cherakei Griffin had a seizure and was advised to get further medical evaluations. Id. It alleges that two days later, on May 28, 2021, Cherakei Griffin "was held against her will by several estranged family members and was subjected to a hostile environment." Id. The complaint alleges that on June 2, 2021, after several unsuccessful attempts to free Cherakei Griffin from being held against her will, West Allis police "were dispatched to the location and several times were asked to free her from the restraint." Id. The complaint asserts that the police did not "serve and assist but left Plaintiff C Griffin in a hostile situation in which C. Griffin was victimized." Id. It asserts that the officers arrested Cherakei Griffin that day,

2

without a warrant and without reading her her rights, and that the police "have had her detained in the defendants West Allis Memorial Hospital." Id.

The complaint asserts multiple times that the "physical whereabouts of Plaintiff Cherakei Griffin [] and her health and safety are unknown," and asserts that "[i]t is believed" that her last whereabouts "was in the physical custody of the defendants'." Id. at 2-9. It also asserts that Cherakei Griffin is believed to be in "extreme" "imminent physical danger." Id.

I. Griffin asserts that she is Cherakei Griffin's biological mother and has acted "on [Cherakei's] medical behalf her entire life." Id. at 5. She says that on May 26, 2015, she became Cherakei's "legally binding Power of Attorney." Id. I. Griffin asserts that the defendants are violating her rights in relation to her involvement in the care and safety and well-being of her biological child. Id. I. Griffin says that she "tried to file a kidnaping [sic] report and requested an investigation into other impersonating her trying to pretend to be the mother of Plaintiff Cherakei Griffin, called the police defendants for help regarding the kidnaping [sic] incident, and sought other forms of help on behalf of Plaintiff Cherakei Griffin, as she was being held against her will by others." Id. at 5-6. I. Griffin says, however, that the defendants refuse to acknowledge that I. Griffin is Cherakei Griffin's power of attorney and that they are doing so "with the intent to engage in improper and unlawful conduct against Plaintiff C. Griffin." Id. at 6. I. Griffin asserts that West Allis Memorial Hospital is violating the "EMTALA" [the Emergency Medical Treatment and Labor Act] and that the United States Attorney General's office "has a mandatory obligation to enter

onto the premises of West Allis Memorial hospital and open up an official investigation." Id.

For relief, I. Griffin seeks $3,000,000,000 in damages and remedial actions. Id. at 7.

Defendant West Allis Memorial Hospital indicates in its motion to dismiss that it believes that the case arises from treatment Inez Griffin's adult daughter Cherakei received at the hospital under a Wis. Stat. Chapter 51 procedure; Chapter 51 governs mental health and, among other things, allows for involuntary commitment for mental health treatment under certain procedures and for certain reasons. See, *e.g.*, Wis. Stat. §51.20. I. Griffin attached to the complaint a document dated May 26, 2014 which indicates that Cherakei Griffin's date of birth is May 26, 1996, making her twenty-five years old on the date I. Griffin filed the complaint. Dkt. No. 1-1.

### III. Analysis

There are several defects in the complaint.

#### A.   Representation

The defendants argue that I. Griffin cannot file a lawsuit on behalf of Cherakei Griffin. Dkt. Nos. 5 at 5, 14 at 3. They are correct. Federal law does not permit non-attorneys to represent litigants in federal court. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." See also Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper

4

must be signed by at least one attorney of record in the attorney's name—or by a party personally if the part is unrepresented."). See also, Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.") (citing 28 U.S.C. §1654). This rule applies to individuals bringing claims as next friend. Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney.") (citing 28 U.S.C. §1654). Nor does a power of attorney authorize a non-lawyer to practice law or represent someone in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004).

Federal Rule of Civil Procedure Rule 17(c) allows a legal representative—such as a general guardian, a committee, a conservator or other like fiduciary—to file a federal lawsuit, or defend one, on behalf of a minor or an incompetent person. The rule also allows a minor or an incompetent person who does not have a legal representative to sue through a next friend or a guardian *ad litem*.

I. Griffin appears to have drafted the complaint. She titled the case "United States *ex rel.* I. Griffin," and said that she was filing the case on behalf of herself and as next of kin, next of friend on behalf of her daughter, Cherakei Griffin. Dkt. No. 1 at 1. I. Griffin may represent herself. But because she is not a lawyer, I. Griffin cannot file a federal lawsuit in federal court on behalf of Cherakei Griffen. The complaint does not allege that Cherakei is either a minor

or incompetent. In fact, I. Griffin attached to the complaint a document showing that Cherakei was twenty-five years old in June of 2021, when I. Griffin filed the complaint. Dkt. No. 1-1. Based on the current state of the record, I. Griffin may proceed on her own behalf, but she cannot represent Cherakei Griffin in federal court.

I. Griffin filed a document asking the court to strike West Allis Memorial's pleadings, arguing that defense counsel filed them in bad faith to mislead the court and convert the caption of the complaint. Dkt. No. 19. She cites United States *ex rel.* Toth v. Quarles, 350 U.S. 11 (1955) in support of her claim that "[a] private citizen may move a federal court on behalf of the United States ex relatione." Id. at 1. There are a group of laws—perhaps the most frequently used being the False Claims Act—that create "a form of civil action known as *qui tam*." Vt. Agency of Nat. Resources v. U.S. *ex rel.* Stevens, 529 U.S. 765, 768 (2000). ("*Qui tam*" is short for a long Latin phrase that means "who pursues this action on our Lord the King's behalf as well as his own. Id. at 768 n.1.) Federal statutes that provide for *qui tam* litigation allow the government to sue under the statute, but they also provide that "a private person (the relator) may bring a *qui tam* civil action "for the person and for the United States Government" against [the person who allegedly made the false claim under the False Claims Act], "in the name of the Government." Id. There are only a handful of federal statutes which authorize *qui tam* actions, and the ones that do have specific procedural requirements for the private citizen—the "relator"—to follow. Even if the statutes that I. Griffin had cited in the

6

complaint contained *qui tam* provisions, there is no evidence that she is suing in the name of or on behalf of the government or that she has followed any of the statutory requirements to qualify as a relator.

I. Griffin also argues that she is "not required to have a valid license to practice law in order to proceed as a qualified private attorney general." Dkt. No. 19 at 1. She cites Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143 (1987). That case involved statutes—such as the Clayton Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which authorize individuals injured as a result of violations of those statutes to sue and recover treble damages; the term "private attorneys general" refers to allowing private individuals injured by certain conduct to sue for large amounts of money and thus economically punish entities who might otherwise escape prosecution due to limited public resources. Id. at 150-151. I. Griffin has not identified any statute that would allow her to sue for treble damages. And regardless, she is correct that she does not have to have a law license to represent *herself*. But she cannot represent Cherakei Griffin in federal court—not as a relator, not as a "private attorney general," not as a next friend or a power of attorney.

B.  Service

West Allis Memorial moves to dismiss for lack of service under Fed. R. Civ. P. 12(b)(5).[1] Dkt. No. 5 at 2. The defendant asserts that I. Griffin attempted

---

[1] Although the West Allis Police Department defendants stated in their motion that they seek dismissal for failure to provide sufficient service of process under Fed. R. Civ. P. 12(b)(5), dkt. no. 13, they do not address service in their brief, dkt. no. 14.

to "serve" the lawsuit on West Allis Memorial by dropping it off at the Emergency Department registration desk on June 4, 2021. Id. at 3. The hospital correctly points out that under Fed. R. Civ. P. 4(c)(2), a party to the lawsuit may not serve the summons and complaint. Id. It also correctly points out that when a defendant is a corporation—as West Allis Memorial Hospital is—the plaintiff's process server must serve an officer, director, managing or general agent of that corporation. Id. at 3-4 (citing Fed. R. Civ. P. 4(h)).

I. Griffin filed the complaint on June 4, 2021. Under Fed. R. Civ. P. 4(m), she was required to properly serve all defendants within ninety days after the complaint was filed. She has not yet properly served West Allis Memorial Hospital, as required by Fed. R. Civ. P. 4.

C. Failure to State a Claim

All the defendants argue that under Fed. R. Civ. P. 12(b)(6), I. Griffin's complaint fails to state a claim upon which a federal court may grant relief. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." Id. at 776 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

8

When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Even construing the complaint in the light most favorable to I. Griffin, the court cannot determine what allegations the plaintiff is making against the defendants. She alleges that when the law enforcement defendants were called, they did not assist. She does not say which officers were present, whether she was present, what was happening when the officers arrived, what kind of assistance they were asked to provide or by whom. She says that the officers left Cherakei in danger, but does not say what kind of danger, or how the officers would have known that Cherakei was in danger. She says that the officers arrested Cherakei without a warrant and without reading her her rights but does not allege that Cherakei has been charged with any crimes (in which case, Cherakei would have a right to raise those Fourth Amendment issues in her criminal case).

I. Griffin lists the Civil Rights Act, the Civil Rights of Institutionalized Persons Act, the Emergency Medical Treatment and Labor Act and the Americans with Disabilities Act. But she provides no facts to explain how any of the defendants violated any of those acts. For example, for her claim under the Americans with Disabilities Act, she does not explain who is disabled (Is she disabled? Is Cherakei disabled?). She does not explain who discriminated against the disabled person, or how. She mentions the Civil Rights of

9

Institutionalized Persons Act, but does not identify the institutionalized person, or explain how any of the defendants violated that statute or what provisions of the statute she believes they violated.

I. Griffin asserts, several times, that the defendants are interfering with her duties to Cherakei. But she does not explain what those duties are. She does not explain how the defendants are interfering with those duties. She does not explain how interfering with those duties violates any of the federal laws she listed in the complaint. She continually asserts that she believes Cherakei Griffin to be in imminent physical danger, but does not explain why she believes this—particularly when she also insists that Cherakei's whereabouts are unknown. She asserts that several entities—the United States Attorney General, the F.B.I.—must conduct investigations of the West Allis Police Department and West Allis Memorial. But a civil damages lawsuit is not a mechanism for forcing a law enforcement agency to investigate something. If I. Griffin believes that there is some criminal activity occurring, she may report it to the appropriate law enforcement agency.

It appears that some event may have occurred that resulted in the involuntary commitment of Cherakei under Ch. 51, and that she was committed to West Allis Memorial Hospital at one point. It appears that I. Griffin is very worried about her daughter. But the complaint, despite its length, does not state sufficient facts to give the defendants notice of what I. Griffin alleges that they have done to violate her constitutional rights or any

federal laws, and it does not state enough facts for this court to determine whether she has stated a claim for which a federal court may grant relief.

The court will grant both motions to dismiss but will dismiss without prejudice. That means that I. Griffin may try to file an amended complaint—on her behalf, and her behalf alone—that states sufficient facts to give the defendants notice of what laws or constitutional rights they have violated and how. Within twenty-one days of the date of this order, I. Griffin may file an amended complaint (either representing herself, or through an attorney). She may file that amended complaint only on her own behalf; if Cherakei Griffin wishes to file a federal lawsuit, she must file it on her own behalf, either herself or through a lawyer. If the court does not receive from I. Griffin an amended complaint that comports with this order in time for the court to *receive* it by the end of the day on **September 21, 2021**, the court will dismiss the case with prejudice. If the case is dismissed with prejudice I. Griffin will not be able to file the same claims again in federal court.

The court also will deny I. Griffin's motion to strike. Attorney Monson did not act in bad faith. The law he cited in his pleadings was accurate and his arguments were based in that law.

IV. **Conclusion**

The court **GRANTS** defendant West Allis Memorial Hospital's motion to dismiss without prejudice. Dkt. No. 4.

The court **GRANTS** defendants West Allis Police Officer Hoff, West Allis Police Officer Jacobson, West Allis Police Officer Lehman, West Allis Police

11

Department and West Allis Police Officers Jane and John Doe(s)'s motion to dismiss without prejudice. Dkt. No. 13.

The court **DENIES** I. Griffin's Motion to Strike Latest Pleadings Filed in Bad Faith by Purported Attorney Erik H. Monson. Dkt. No. 19.

The court **ORDERS** that if I. Griffin wishes to proceed with this case, she must file an amended complaint—either representing herself or through an attorney—in time for the court to *receive* it by the end of the day on **September 21, 2021**. If I. Griffin does not file an amended complaint in time for the court to receive it by the end of the day on September 21, 2021, the court will dismiss the case with prejudice.

Dated in Milwaukee, Wisconsin this 31st day of August, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**